**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ASHLEE LEWIS<br>47 Liberty Street,<br>Smithfield, PA 15478<br><br>Plaintiff<br><br>v.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA<br>751 Broad Street<br>Newark, NJ 07102<br><br>Defendant. | No. |

**COMPLAINT**

Plaintiff Ashlee Lewis, through her undersigned counsel, for her Complaint against Prudential Insurance Company of America states as follows.

**INTRODUCTION**

1. This is an action brought pursuant to Section 502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"). ERISA is a remedial statute that Congress enacted to protect "the interests of participants in employee benefit plans and their beneficiaries" by requiring the establishment of uniform standards of disclosure, conduct, and fiduciary responsibility. 29 U.S.C. § 1001(b). It imposes higher than marketplace standards on insurers and employee benefit plan fiduciaries – like Defendant – who must act in the sole interest of benefit plan participants and their beneficiaries for the exclusive purpose of providing benefits under the terms of an employee benefit plan.

2. Defendant wrongfully denied Ms. Lewis the employee benefits she was entitled to under the terms of her former employer's long-term disability insurance plan ("the Plan"), it misinterpreted and misapplied the terms of the Plan, and it denied her a full and fair review of her claim for Plan benefits when she appealed the adverse claim determination at issue in this case.

## THE PARTIES

3. Ms. Lewis is a resident of Smithfield, Fayette County, Pennsylvania, a former employee of United BioSource, LLC ("UBC"), with headquarters in King of Prussia, Montgomery County, Pennsylvania, and a participant in the Plan.

4. The Plan is an employee welfare benefit plan that provides long-term disability ("LTD") benefits to eligible Plan participants subject to the terms of the Plan.

5. Prudential Insurance Company of America ("Prudential") is a New Jersey corporation in the business of selling insurance. It operates and sells insurance policies in and throughout Pennsylvania, including in this district. Prudential also administers disability benefits claims through its Disability Management Services, with its address in Philadelphia, Pennsylvania.

6. Prudential issued a group policy of insurance to UBC bearing Group Contract Number G-70854-PA ("the Policy") to fund the Plan's LTD program, and it also insures and administers the Plan's LTD benefits program.

7. Prudential is a fiduciary as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21), as it, *inter alia*, exercises authority or control respecting management or disposition of Plan assets.

## THE TERMS OF THE PLAN

8. The Plan provides LTD benefits to eligible Plan participants who meet the Plan's definition of disability as set forth in the Policy.

9. The Policy defines Disability for the purpose of receiving LTD benefits during the first 24 months of disability as follows:

- [The Employee is] unable to perform the material and substantial duties of [her] regular occupation due to [her] sickness or injury; and
- [she is] under the regular care of a doctor; and
- [she has] a 20% or more loss in [her] monthly earnings due to that sickness or injury .

10. After an employee has received LTD benefits for 24 months, the Policy defines Disability for the purpose of continuing to receive LTD benefits as follows:

- [The Employee is] unable to perform the duties of any gainful occupation for which [she is] reasonably fitted by education, training or experience; and
- [she is] under the regular care of a doctor.

11. The Policy defines “material and substantial duties” as follows

Material and substantial duties means duties that:

- are normally required for the performance of [the employee’s] regular occupation; and
- cannot be reasonably omitted or modified, except that [the employee is] required to work on average in excess of 40 hours per week, Prudential will consider [the employee] able to perform that requirement if [the employee is] working or [has] the capacity to work 40 hours per week.

12. “Sickness” is defined as “any disorder of [the employee’s] body or mind, but not an injury; pregnancy including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan.”

13. “Injury” is defined as follows:

Injury means a bodily injury that:

- is the direct result of an accident;
- is not related to any cause other than the accident; and
- results in immediate disability

Disability must begin while [the employee is] covered under the plan.

14. “Regular Occupation” is defined as follows:

Regular occupation means the occupation [the employee is] routinely performing when [the employee's] disability begins. Prudential will look at [the employee's] occupation as it is normally performed instead of how the work tasks are performed for a specific employer at a specific location."

15. "Gainful occupation" is defined as follows:

Gainful occupation means an occupation, including self employment, that is or can be expected to provide [the employee] with an income within 12 months of [the employee's] return to work, that exceeds:

- 60% of [the employee's] indexed monthly earnings, if [the employee is] working; or
- 60% of [the employee's] monthly earnings, if [the employee is] not working.

16. "Indexed monthly earnings" is defined as follows:

Indexed monthly earnings means [the employee's] monthly earnings as adjusted on each July 1 provided [the employee was] disabled for all of the 12 months before that date. [The employee's] monthly earnings will be adjusted on that date by the lesser of 10% or the current annual percentage increase in the Consumer Price Index [sic]. [The employee's] indexed monthly earnings may increase or remain the same, but will never decrease.

The Consumer Price Index (CPI-W) is published by the U.S. Department of Labor. Prudential reserves the right to use some other similar measurement if the Department of Labor changes or stops publishing the CPI-W.

Indexing is only used to determine [the employee's] percentage of lost earnings while [the employee is] disabled and working.

17. Where the Plan participant is enrolled in Option 1, the Plan provides LTD benefits in an amount equal to sixty percent (60%) of the Plan participant's monthly earnings. Ms. Lewis was enrolled in Option 1.

18. Under the Plan, LTD Benefits are payable to the employee's normal retirement age.

19. The Plan "does not cover a disability due to a pre-existing condition."

20. The Policy defines "pre-existing condition" as follows:

You have a pre-existing condition if both 1. and 2. are true:

1. You received medical treatment, consultation, care or services, including diagnostic measures, or took prescribed drugs or medicines, or followed treatment recommendations in the 90 days just prior to your effective date of coverage or the date an increase in benefits would otherwise be available.
1. [sic] Your disability begins within 12 months of the date your coverage under the plan becomes effective.[1]

## JURISDICTION AND VENUE

21. The Court has general subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it arises under ERISA – a law of the United States – and specifically pursuant to 29 U.S.C. §§ 1132(e)(1) and 1132(f), which gives the District Court jurisdiction to hear civil actions brought pursuant to 29 U.S.C. § 1132.

22. The Court has personal jurisdiction over Defendant because Defendant regularly transacts business in this District and Division, and Defendant has consented to the Court's personal jurisdiction.

23. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) because at all relevant times: (a) the breaches and violations giving rise to the claims occurred in this District; (b) Defendant may be found in this District; and (c) the Plan is administered in this District.

## FACTS COMMON TO ALL CLAIMS

24. UBC hired Ms. Lewis to perform the role of "Program Management Manager" on March 11, 2024. As a full-time UBC employee, Ms. Lewis participated in the Plan effective April 1, 2024.

25. For the purpose of the Plan's "pre-existing condition" exclusion, the "90 days just prior to [her] effective date under the Plan," which is referred to as the "look-back period," began January 2, 2024 and ended March 31, 2024.

26. Ms. Lewis last worked on Friday May 3, 2024

---

[1] This is how the numbering appears in the Plan, with two number ones and no number two.

27. She applied for short-term disability ("STD") benefits on May 9, 2024.

28. On May 10, 2024, Prudential approved Ms. Lewis' STD claim and she was ultimately approved for and paid STD benefits through the maximum benefit period.

29. On December 10, 2024, Prudential denied Ms. Lewis' claim for LTD benefits because, it alleged that Ms. Lewis: "treated for [her] disabling medical conditions during the look back period of January 2, 2024 through March 31, 2024."

30. Ms. Lewis timely appealed Prudential's determination on June 4, 2025.

31. On September 22, 2025, Prudential denied Ms. Lewis' appeal and upheld its prior decision denying Ms. Leweis' claim for LTD benefits.

32. On March 15, 2026, the Social Security Administration found that Ms. Lewis was disabled as of July 1, 2024.

33. In accordance with the terms of the Plan, Ms. Lewis filed a voluntary second-level appeal on March 19, 2026.

34. On April 8, 2026, Prudential denied Ms. Lewis' second-level appeal contending that Ms. Lewis' "disability is considered pre-existing."

35. Contrary to Prudential's assertions, Ms. Lewis' disability is not excluded as a "pre-existing condition" as that term is defined in the Plan.

36. Prudential wrongly interpreted and misapplied the terms of the Plan.

37. Ms. Lewis continues to be disabled under the terms of the Plan.

## COUNT I – DENIAL OF LTD BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

38. Ms. Lewis repeats, reaffirms, and realleges the preceding paragraphs of the Complaint as if fully restated at length herein.

39. Ms. Lewis has exhausted her internal remedies under the Plan and, thus, all conditions precedent to the filing of this action have been performed or have occurred.

40. Ms. Lewis is entitled to LTD benefits under the terms of the Plan because she was and is disabled as defined by the Plan.

41. The denial of Ms. Lewis' claim for benefits was contrary to the terms of the Plan, *de novo* wrong, and an abuse of discretion.

42. Ms. Lewis's disability is not "due to a pre-existing condition," as that term is defined in the Plan.

43. Prudential bears the burden of proving that the pre-existing condition limitation applies to Ms. Lewis' claim. It has not and cannot do so.

44. Prudential failed to provide Ms. Lewis with a full and fair review of her claim in violation of Section 503 of ERISA, 29 U.S.C. § 1133, as well as C.F.R. § 2560.503-1, by *inter alia*, improperly applying the terms of the Plan, cherry picking the evidence reviewed in connection with her claim, relying on the flawed and self-serving reports of its consultant, and ignoring the opinions of Ms. Lewis' treating healthcare providers.

45. Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), a civil action may be brought by a participant or beneficiary to recover benefits due to her under the terms of the plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan.

46. As a result of Prudential's denial of Ms. Lewis' claim for benefits, its decision to uphold its denials, and its refusal to overturn it, there exists an actual case and controversy by and between the parties hereto entitling Ms. Lewis to a declaration of rights clarifying the benefits to which she is entitled under the Plan.

WHEREFORE, Ms. Lewis prays the Court grant her the following relief with respect to Count I of her Complaint:

a. That the Court enter judgment in favor of Ms. Lewis and against Prudential, and award her all past due disability benefits and future benefits pursuant to the terms of the Plan;

b. Order Prudential to pay Ms. Lewis prejudgment interest on all benefits that have accrued prior to the date of judgment;

c. That the Court award Ms. Lewis her reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit against Prudential; and

d. That Ms. Lewis recovers any and all other relief to which she may be entitled.

Respectfully submitted,

/s/ Melanie J. Garner

Adam Harrison Garner (320476)
Melanie J. Garner (315058)
Jacob Day (334860)
The Garner Firm, Ltd.
1617 John F. Kennedy Blvd., Suite 1111
Philadelphia, PA 19103
Tel: (215) 645-5955
Fax: (215) 645-5960
adam@garnerltd.com
melanie@garnerltd.com
jake@garnerltd.com

*Attorneys for Plaintiff*

Dated: October 8, 2026